# EXHIBIT K

Village of Freeport, NY
Wednesday, May 7, 2025

# Chapter 155. Peace and Good Order

## Article XIV. Post Deprivation Hearings; Vehicles Impounded

### § 155-107. Procedure.

A. Ascertainment of and notice to interested parties. Upon impoundment, removal or seizure of a vehicle for unpaid parking tickets, violations of New York State Vehicle and Traffic Law §§ 319, 340, 355, 401, 402, or 512, and default judgments, the Village shall conduct a diligent inquiry to determine the identity of parties with interests in the seized vehicle (the "interested parties"), and within 10 days of the impoundment, removal or seizure shall provide written notice ("notice of seizure") of the right to a retention hearing (the "retention hearing") to those interested parties, defined as follows:

(1) The driver in possession at the time of seizure;

(2) The registrant of the vehicle;

(3) The titled owner of the vehicle;

(4) Any lessor of the vehicle; and/or

(5) Any lienholder of the vehicle.

B. Written notice of retention hearing procedure and turnover to other interested party on event of default:

(1) The notice of seizure shall state that each interested party has the right to a prompt post impoundment, removal or seizure hearing ("retention hearing") before a neutral decision maker who shall review the legality of the seizure, the appropriateness of any fees and expenses to be charged in relation to the seizure and storage of the vehicle and determine the rights of possession in the vehicle at issue among the registered owner/titled owner, lessor/lessee and shall be given by certified mail to the interested parties in the vehicle.

(2) The notice shall also inform owners of vehicles subject to liens, or lessees of leased vehicles—as applicable—that if they fail to participate in a retention hearing and are in default under the terms of their lease, that the seized vehicle may instead be released to a lienholder or lessor (as applicable) if a post-default

review of indicates that such lienholder or lessor is entitled to take possession of the seized vehicle.

(3) The notice of seizure shall be sent by certified mail, return receipt requested, to the interested parties at the address listed for each interested party on the license, registration and/or document of title for the vehicle in question or such other address as is reasonably calculated to give the interested party notice of the removal, seizure, impoundment or detention.

(4) The notice of seizure shall state the name and address of the interested party; make, model and vehicle identification number (VIN) of the seized vehicle; the purpose of the retention hearing is to determine the legality of the impoundment, removal or seizure, the appropriateness of any fees and expenses to be charged in relation to the seizure and storage of the vehicle and determine the rights of possession in the vehicle at issue and that each interested party shall have the option to request such hearing, which must be commenced within twenty-one (21) days from the time the notice of seizure is sent to all interested parties.

C. Independent agent to conduct hearings and procedure to be made public:

(1) The procedure to obtain a retention hearing before a neutral decision maker shall be posted on the Village's website.

(2) The Village shall appoint an independent agent to conduct such retention hearings at the cost and expense of the Village.

D. Conduct of the retention hearing.

(1) Retention hearings shall be scheduled in person and/or virtually at Village premises or locations in or outside the Village designated by the Village for such hearings.

(2) The retention hearing shall be conducted promptly following the seizure, impoundment, and detention of any vehicle before a neutral decision maker who shall:

(a) Review the legality of the seizure;

(b) Review the appropriateness of any fees and expenses to be charged in relation to the seizure and storage of the vehicle; and

(c) Determine the rights of possession in the vehicle at issue.

(3) The neutral decision maker shall reserve continuing jurisdiction beyond the initially scheduled retention hearing in the event of the need to adjourn such hearing due to circumstances beyond the control of the parties, such as weather or public health events, but in no instance shall this provision result in the retention of a vehicle indefinitely without a hearing.

E. Default and post-default review. If no interested party requests a retention hearing or appears at the requested retention hearing, all interested parties will be deemed in default. In the event of a default, the Village Attorney shall conduct a post-default review of the seizure to determine:

    (1) The legality of the seizure;

    (2) The appropriateness of any fees and expenses charged in relation to the seizure and storage of the vehicle.

F. Actions post-default. Following post-default review, the Village may take such further actions as are called for by its laws or other policies and procedures, including the imposition of fees, seeking forfeiture or otherwise disposing of the vehicle.

G. Proof of the right of titled owner or lienholder to retake possession. A vehicle will not be turned over to a titled owner, lessor or lienholder until the lessor or lienholder provides satisfactory proof of the right of a titled owner, lessor or lienholder to take possession of a vehicle in the form of an affidavit of right from an appropriate custodian of records of the titled owner, lessor or lienholder stating:

    (1) The reason(s) the titled owner, lessor or lienholder has a current right to take possession of the vehicle and attaching certified copy of the lease document or retail installment contract;

    (2) An agreement by the titled owner, lessor or lienholder to reasonably cooperate with the Village should a driver or registrant later make claims against the Village related to the Village's turnover of the vehicle to the titled owner, lessor; and/or lienholder;

    (3) An agreement to release the Village for its conduct in towing the vehicle; and

    (4) An agreement that the titled owner, lessor or lienholder shall pay to the Village those fees which may be imposed by a written disposition following the retention hearing.

H. This chapter shall not apply where a vehicle is impounded under authority granted pursuant to New York State Statute.